Case 9:08-cv-81330-KAM Document 1 Entered on FLSD Docket 11/07/2008 Page 1 of 13

FILED by _DJ_ D.C.
ELECTRONIC

Nov. 7, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
**08-CV-81330-MARRA/JOHNSON**

MORGAN STANLEY & Co., INC., a
Delaware corporation,

    Plaintiff,                              Case No. _____

v.

NEIL B. SOLOMON, an individual,
and NEIL B. SOLOMON, P.A.,
a Florida Professional Association,

    Defendants.
_____/

**COMPLAINT FOR TEMPORARY AND PERMANENT INJUNCTIVE
RELIEF TO DISQUALIFY NEIL SOLOMON, ESQ. AND TO STAY ARBITRATIONS**

       Plaintiff, MORGAN STANLEY & CO., INC. ("Plaintiff" or "Morgan Stanley"), by and through undersigned counsel, hereby files this Complaint for temporary and permanent injunctive relief to disqualify Defendants Neil B. Solomon ("Solomon") and Neil B. Solomon, P.A. ("P.A.") (collectively Defendants"), and to stay three arbitrations Defendants are prosecuting, and in support hereof, states as follows:

**GENERAL ALLEGATIONS**

       1.     Solomon is, through his law firm P.A., representing three retail customers in arbitrations before the Financial Industry Regulatory Authority ("FINRA") against Solomon's former client, Morgan Stanley. Solomon, for several years, represented Morgan Stanley before the same arbitral body (FINRA and its predecessor the NASD), in dozens of retail customer actions alleging the same theories and claims for relief Solomon now is employing against his old client. Integral to his cases, Solomon is using key confidences learned during his representation of Morgan Stanley against the brokerage firm and is attacking the same arguments and litigation strategies he once propounded on Morgan Stanley's behalf. This is a classic case

of a lawyer switching sides. Solomon and his firm P.A. should be disqualified and the arbitrations stayed pending resolution of this controversy.

2. This is an action for temporary and permanent injunctive relief relating to three arbitrations filed by Defendants, on behalf of three clients, wherein the amount in controversy exceeds $75,000 in damages, exclusive of interest, court costs and attorney's fees.

3. Morgan Stanley is a Delaware corporation with its principal place of business in New York.

4. Defendant Neil B. Solomon is a Florida citizen.

5. Defendant Neil B. Solomon, P.A. is a Florida incorporated professional association with its principal place of business in Jupiter, Florida. Upon information and belief, Neil Solomon is the sole principal of P.A..

6. As complete diversity of citizenship exists between the parties in this action, this court has jurisdiction to entertain this matter under 28 U.S.C. § 1332.

7. Venue is appropriate as this action arises from acts and omissions committed in whole or in part in Palm Beach County, Florida.

8. All conditions precedent to the institution of this action have occurred or all such conditions have been waived or otherwise excused by Defendants' conduct.

## BACKGROUND

9. Between 2001 and 2003, Solomon performed legal services for Morgan Stanley. Solomon performed these legal services for Morgan Stanley through Solomon's then employer, the Greenberg Traurig ("Greenberg") law firm. Solomon provided representation primarily in cases where retail investors, seeking to recover for disappointed economic expectations, brought actions against Morgan Stanley. Customer claims Solomon represented Morgan Stanley on

2

involved allegations of fraud, negligence, breach of contract, breach of fiduciary duty, failure to supervise, alleged violations of Chapter 517, Fla. Stat., and similar claims.

10. During his representation of Morgan Stanley, Solomon appeared in about 50 or more retail investor arbitrations and/or disputes against Morgan Stanley. Solomon billed approximately 1520 hours and about $313,000 worth of time.

11. At least three arbitrations involved allegations of wrongdoing at Morgan Stanley's Ft. Lauderdale branch.

12. Throughout this representation, Solomon gained intimate knowledge of proprietary, privileged and confidential information regarding Morgan Stanley, including its claims and litigation philosophy, its methods and procedures for defending claims in litigation, its legal policies, its approaches to settlement, its settlement limits, the decision making processes of its personnel regarding legal claims, and the particular personalities, expectations, negotiation techniques, and management styles of its personnel, as well as information regarding the administration of Morgan Stanley's various business operations and the internal workings of its organization.

13. Solomon ceased representing Morgan Stanley in about the fall of 2003. However, from 2003 until about 2006, Solomon continued to work at Greenberg, which continued to represent Morgan Stanley in dozens of retail investor disputes.

14. During this period, Solomon worked closely with the team of lawyers who represented Morgan Stanley.

15. Solomon left Greenberg in about 2006.

16. In about July 2008, Morgan Stanley became aware that Solomon though his new firm, P.A., undertook the representation of two retail customers, Darren Sadik and Hsiang Lin

Wu, in matters adverse to Morgan Stanley. Two arbitrations were filed before FINRA, the securities arbitration forum. Solomon filed a third FINRA arbitration on behalf of two other retail customers, Melissa and Wayne Kreisberg, in September 2008.

17. The allegations in the three arbitrations (hereinafter the "Arbitrations") all involve Morgan Stanley's Ft. Lauderdale branch and the same broker, Adam Hendry. The contentions are similar to the allegations in many of the cases for which Solomon provided representation to Morgan Stanley over the course of the attorney-client relationship.

18. The Statements of Claim center largely around the broker's alleged lack of experience in the securities industry and Morgan Stanley's training and supervisory practices. The Statements of Claim are replete with references to proprietary, confidential, internal information about Morgan Stanley learned by Solomon in a position of trust as Morgan Stanley's counsel. For example, certain facts and issues put in issue in the Arbitrations involve:

- Morgan Stanley's broker training program, alleging that "it appears [Morgan Stanley's] training program does not emphasize the securities laws and regulations;"

- Morgan Stanley's compensation policies, contending that the broker supposedly "was making money for" Morgan Stanley's branch manager;

- A contention that "[u]pon information and belief, a [Morgan Stanley] branch manager's compensation is based, in large part, on the commissions and fees generated by those he is supposed to be supervising;"

- Morgan Stanley's management fees policies, noting that "[i]t will be interesting to discover whether [Morgan Stanley] calculates the management fee based on the full value of the securities owned rather than the net value of the account after subtracting the margin loan;"

- Morgan Stanley's defense strategies, including long analyses purporting to head off an argument, made by Morgan Stanley in virtually every retail customer case – and made by Solomon himself for Morgan Stanley – on the basis of much case law in Florida and nationally, that claims cannot be

based on rules and alleged standards of conduct promulgated by Self Regulatory Organizations.

19. Indeed, many allegations about Morgan Stanley that are alleged to be upon "information and belief" involve facts a customer could not know and derive directly from Solomon's representation of Morgan Stanley.

20. Further, the claims on which the three Arbitrations are based, including failure to supervise, negligence, fraudulent misrepresentations, breach of fiduciary duty, breach of contract, and alleged violations of Florida's securities fraud statute, Chapter 517, are the very same claims Solomon defended as Morgan Stanley's counsel.

21. Morgan Stanley has not and does not consent to Solomon's or P.A.'s representation of the retail customers in the Arbitrations, or to Solomon's or P.A.'s use of any confidences, facts, or information learned by Solomon while counsel for Morgan Stanley.

22. When Morgan Stanley learned of the intended representation, Morgan Stanley objected in a letter, demanding that Solomon and his firm withdraw. A true and correct copy of correspondence to Defendants from Morgan Stanley is attached hereto as Ex. A. Instead of conceding the conflict of interest, Defendants ignored Morgan Stanley's request to withdraw from the representation.

23. The representation of Morgan Stanley by Solomon gives rise, under Florida Rules of Professional Conduct, to an irrefutable presumption that confidences were shared in the course of that representation.

24. The representation of Morgan Stanley undertaken by Solomon included the professional responsibility to maintain the confidences learned in that representation and to never use those confidences to the disadvantage of his client, Morgan Stanley. Those obligations has continued after the representation ended.

25. In fact, Defendants put many of those confidences in issue in the Arbitrations, which Defendants seek to use to the disadvantage of Morgan Stanley.

26. Confidences gained by Solomon in his representation of Morgan Stanley will continue to be used in the course of Defendants' representation in the Arbitrations, thus creating a "cat out of the bag" situation.

27. The issues in the Arbitration, and the issues for which Solomon provided Morgan Stanley representation, are furthermore substantially related. Issues regarding alleged lack of supervision, violation of SRO rules, negligence, breach of fiduciary duty and similar allegations of wrongdoing with respect to investments made at Morgan Stanley were the subject of the cases for which Solomon repeatedly provided representation to Morgan Stanley.

28. Moreover, in taking positions in litigation contrary to positions he took as counsel for Morgan Stanley, including but not limited to using SRO rules as a supposed basis for his claims, Solomon is directly attacking work he performed for Morgan Stanley.

29. Solomon obtained the trust and confidence of Morgan Stanley in about 50 retail investor disputes only to turn around and sue Morgan Stanley for the very same types of claims he once defended. This has created an appearance of impropriety that undermines the integrity of the judicial system and the confidence which is placed by clients in their attorneys.

30. It would be a direct conflict of interest and would otherwise raise an appearance of impropriety for Solomon and P.A. to continue to be able to switch sides and represent the retail customers in the Arbitrations against Morgan Stanley.

31. Solomon and P.A. are prohibited under the Florida Rules of Professional Conduct from taking a position directly adverse to Morgan Stanley where the matters are substantially related, where Solomon and his firm P.A. intends to use confidences learned during his

representation against Morgan Stanley, and/or where Solomon's representation in the matters gives rise to an appearance of impropriety. There is no time requirement or limitation on these prohibitions.

32. Further, as Solomon is disqualified, P.A. and any lawyer associated with P.A. is prohibited from representing a client against Morgan Stanley under the rules of professional conduct.

33. Because of the nature of the conflict of interest in the pending Arbitrations, Morgan Stanley seeks preliminary and permanent injunctive relief against Defendants to prevent the continued representation of the retail customers in the Arbitrations and to prevent further representation by Defendants against Morgan Stanley in substantially related matters which are materially adverse to Morgan Stanley.

34. Though these matters are pending in arbitration, matters of professional conduct are not within the scope or purview of the arbitrators. A ruling on Solomon's professional responsibility is within the domain of the Court.

35. Because the Arbitration is on-going and will require Solomon to share and expose further confidences of Morgan Stanley in its pursuit of the claims, Morgan Stanley also seeks a stay of the Arbitrations pending a determination of the disqualification issue.

36. Upon information and belief, P.A. is wholly owned, operated, and controlled by Solomon.

37. All conditions precedent to bringing this action have been satisfied.

## COUNT I
**Preliminary And Permanent Injunctive Relief**

38. Paragraphs 1-37 are realleged as if set forth fully herein.

39. Morgan Stanley has suffered, and will continue to suffer, irreparable harm unless Solomon and P.A. are disqualified from representing retail customers in the Arbitrations, and from further representing any claimants against Morgan Stanley in matters which are substantially related and directly adverse to the interest of Morgan Stanley.

40. Morgan Stanley's only remedy is equitable relief as it lacks an adequate remedy at law.

41. Interpretive case law regarding the rules of professional conduct in this jurisdiction are clear and provide that such representation presents an impermissible conflict of interest. Therefore, Morgan Stanley has a substantial likelihood of the success on the merits in this action.

42. Key to the attorney-client relationship is trust that confidences exchanged between an attorney and client will remain confidential after the relationship ends. The granting of temporary and permanent injunctive relief preventing Defendant's continued and future representation of parties adverse to Morgan Stanley will serve the public interest and will foster the ability of clients to consult fully and freely with their attorneys knowing such confidences cannot be used against them in future matters. The granting of preliminary and permanent injunctive relief will serve, therefore, to enhance the integrity of the judicial system for the public at large.

WHEREFORE, Morgan Stanley respectfully requests this Court enter an order preliminarily and permanently enjoining Defendants Neil B. Solomon and Neil B. Solomon, P.A., from representing retail investors in the underlying Arbitrations, and further enjoining Neil B. Solomon and Neil B. Solomon, P.A., from representing any other plaintiff retail investors in

substantially related matters which are directly adverse to the interests of Morgan Stanley and granting such other and further relief as this court deems just, necessary and proper.

## Count II
### Request to Stay Arbitration

31. Paragraphs 1-37 are realleged as if set forth fully herein.

32. The Arbitrations brought by Defendant and P.A. are pending, yet a serious conflict of interest is apparent which must be resolved before the arbitration can continue.

33. Matters of professional responsibility are outside the domain of the arbitrators. Such matters may only be addressed by a court of competent jurisdiction.

34. As continued representation of the retail customers in the Arbitrations, before a ruling on the issue of disqualification, will render meaningless any later decision to disqualify Defendant as confidences will have already been disclosed and used to the disadvantage of Morgan Stanley, it is imperative that the Arbitrations be stayed until a ruling regarding the disqualification can occur.

35. As Defendant and P.A. were aware that Morgan Stanley objected to its representation of the retail customers in this Arbitration, and was under a duty to make the clients aware of this objection, neither Solomon and P.A. nor their client will be prejudiced by any resulting delay to permit the Court to render a ruling on the disqualification issue before proceeding in the Arbitrations.

36. As such, Morgan Stanley seeks a stay of the Arbitrations until the disqualification issue may be addressed by this court.

WHEREFORE, Plaintiff Morgan Stanley respectfully requests that this Court stay the Arbitrations brought by the Solomon on behalf of its clients and that this court grant such other and further relief to Plaintiff Morgan Stanley as this Court deems just, necessary and proper.

Dated: November 7, 2008.

Respectfully submitted:

HomerBonner, P.A.
Attorneys for Morgan Stanley
The Four Seasons Tower
1441 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 350-5100
Telecopier: (305) 982-0064
E-mail: phomer@homerbonner.com

By: _____
    Peter W. Homer
    Florida Bar No. 291250
    Christopher King
    Florida Bar No. 0123919

# HOMERBONNER

1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131

ELIZABETH LEE CRABTREE
GERALD M. DEL AMO
DOUGLAS F. EATON
HOWARD S. GOLDFARB
PETER W. HOMER *
CHRISTOPHER J. KING
RAYDA MASDEU
ADAM M. SHONSON
GREGORY J. TRASK **
WILLIAM G. WOLK

\* Also licensed in Maryland
\*\* Also licensed in District of Columbia

R. LAWRENCE BONNER
(1956 – 2007)

OF COUNSEL:
LUIS E. DELGADO
RICHARD B. SALZMAN

TELEPHONE (305) 350-5100
TELECOPIER (305) 372-2738
E-MAIL:   info@homerbonnerlaw.com
WEBSITE: www.homerbonnerlaw.com

November 3, 2008

SENDER'S DIRECT TELEPHONE NUMBER: (305) 350-5139
SENDER'S DIRECT FAX NUMBER: (305) 372-1443
SENDER'S DIRECT E-MAIL: phomer@homerbonnerlaw.com

**VIA FACSIMILE AND U.S. MAIL**
Neil B. Solomon
Neil B. Solomon, P.A.
4174 St. Lukes Lane
Jupiter, FL 33458
Fax: 561-626-6721
neilsolomonesq@gmail.com

    Re:    *Darren Sadik v. Morgan Stanley, Inc.*, FINRA Case No. 08-02395
            *Hsiang Lin Wu v. Morgan Stanley, Inc.*, FINRA Case No. 08-02497
            *Lelissa and Wayne Kresigberg v. Morgan Stanley, Inc.* FINRA Case No. 08-03217

Dear Mr. Solomon:

       The undersigned represents Morgan Stanley. This is to inform you that Morgan Stanley does not consent to your representation of the claimants in the above-styled arbitrations. Please consider this Morgan Stanley's demand that you withdraw immediately from these arbitrations

       As you are well aware, you formerly represented Morgan Stanley in numerous arbitrations during your tenure at Greenberg Traurig. Under Florida law an attorney cannot represent a new client adversely to a former client without his former client's consent. Specifically, Rule 4-1.9 of the Florida Rules of Professional Conduct states:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
> (a)    represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
>
> (b)    use information relating to the representation to the disadvantage of the former client except as rule 4-1.6 would permit with respect to a client or when the information has become generally known.

Ex. A

November 3, 2008
Page 2

Rule 4-1.7 forbids an attorney from representing a client when that representation would be directly adverse to the interests of another client. And, Rule 4-1.6 forbids an attorney from revealing information relating to a client, including former clients.

As Morgan Stanley's former counsel, you have intimate knowledge of proprietary, privileged, and confidential information concerning Morgan Stanley, including its claims and litigation philosophy, its methods and procedures for defending claims and litigation, its legal policies, its approaches to settlements, its settlement limits, the decision-making processes of its personnel regarding legal claims, and the particular personalities, expectations, negotiation techniques, and management styles of its personnel, as well as information regarding the administration of Morgan Stanley's various business operations and the internal workings of its organization. It is apparent from the Statements of Claims you have filed that you are using such confidential information to Morgan Stanley's disadvantage. Indeed, it appears you have built your case around Morgan Stanley's training, supervisory, and compensation policies – all areas in which you have represented Morgan Stanley, and all areas in which confidences were entrusted to you. You are also employing specific theories of relief against Morgan Stanley that you, in your prior representation, argued against as counsel for Morgan Stanley. These actions violate the controlling Rules of Professional Conduct.

Whether you are using these confidences intentionally or otherwise, Morgan Stanley does not consent to it. Morgan Stanley thus demands that you immediately discontinue your representation of the three retail customers in the arbitrations. *See The Florida Bar v. Della-Donna*, 583 So. 2d 307, 310 (Fla. 1989) (explaining that "[a]n attorney's working under a conflict of interest is not proper and will not be tolerated."). Morgan Stanley further requests that you advise your clients to seek new counsel as soon as possible.

Very truly yours,

*[signature]*

Peter W. Homer
**HOMERBONNER**

**JS 44** (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**Nov. 7, 2008**

FILED by ___ D.C.
ELECTRONIC
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS
MORGAN STANLEY & CO, INC., a Delaware corporation

**DEFENDANTS**
NEIL B. SOLOMON and NEIL B. SOLO[MON]
Professional Association

**(b)** County of Residence of First Listed Plaintiff: New York, New York
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Jupiter, Florida
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Peter W. Homer and Christopher King, HomerBonner, P.A. 1200 Four Seasons Tower, 1441 Brickell Avenue, Miami, Florida 33131
Telephone: (305) 350-5100

Attorneys (If Known)

Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

*handwritten: 08 CV 81330 MARRA/JOHNSON*

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE                               DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): 28 USC 1332
Temporary and Permanent Injunctive Relief to Disqualify Neil B. Solomon, Esq. and Stay Arbitrations

LENGTH OF TRIAL via 1 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
s/ *[signature]* HomerBonner P.A.
DATE 11/7/08

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # 724996   IFP