

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MORGAN STANLEY & CO., INC., a
Delaware corporation,

      Plaintiff,

v.

Case No.  08-CV-81330-KAM/Johnson

NEIL B. SOLOMON, an individual,
and NEIL B. SOLOMON, P.A.,
a Florida Professional Association,

      Defendants.
_____/

## DECLARATION OF GREENBERG TRAURIG
## IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF

1. My name is Joseph C. Coates, III. I am over the age of 18 and am competent to make this Declaration. I have personal knowledge of all facts attested to herein, and am duly authorized by Greenberg Traurig to make this Declaration.

2. I am a shareholder at Greenberg Traurig ("Greenberg").

3. Neil B. Solomon was an associate at Greenberg from September 4, 2001 through June 6, 2006.

4. Greenberg regularly represented Morgan Stanley & Co., Inc. and/or its predecessors and certain employees ("Morgan Stanley") in arbitrations brought by retail customers throughout Solomon's employment.

5. From 2001 through about the fall of 2003, Solomon directly represented Morgan Stanley in approximately fifty arbitrations and other disputes (the "Arbitrations") before the National Association of Securities Dealers ("NASD") and the New York Stock

Exchange ("NYSE"), which is now known as the Financial Industry Regulatory Authority ("FINRA"). A list of the Arbitrations is attached hereto.

6. Three of the cases involved Morgan Stanley's Ft. Lauderdale branch office.

7. Virtually all of the Arbitrations Solomon worked on involved customers suing Morgan Stanley to recover investment losses in the securities markets. Claims normally at issue in the Arbitrations included alleged misrepresentation, negligence, breach of contract, breach of fiduciary duty, failure to supervise, purported violations of the rules of Self Regulatory Organizations ("SRO rules"), and alleged violations of Chapter 517, Fla. Stat.

8. It was typical during this time to have to defend against allegations concerning commissions or compensation paid to brokers, the firm, and/or Morgan Stanley managers, as well as Morgan Stanley's broker training and internal policies and procedures. Solomon, during his representation, specifically dealt with such allegations and learned confidential, proprietary information regarding these issues.

9. Solomon, as counsel for Morgan Stanley, regularly argued on behalf of Morgan Stanley that no private right of action exists for alleged violations of SRO rules.

10. Solomon further regularly argued on behalf of Morgan Stanley that Morgan Stanley owed no general fiduciary duty to customers with respect to their accounts, that duties owed to customers were limited, and that the duties arose solely on a transaction by transaction basis.

11. In 2003 Solomon was removed as counsel for Morgan Stanley, though Solomon continued to work at Greenberg and, in particular, continued to work closely with the team of attorneys who regularly represented Morgan Stanley.

12. During his representation of Morgan Stanley, Solomon billed 1,519.5 hours. This amounted to approximately $312,821 in work.

**I DECLARE** under penalty of perjury that the foregoing is true and correct this 6 day of November 2008.

_____
JOSEPH C. COATES, III

STATE OF FLORIDA   (
                   ( SS.:
COUNTY OF PALM BEACH   (

The foregoing instrument was acknowledged before me this 6th day of November, 2008, by JOSEPH C. COATES, III, who is personally known to me, and who did (did not) take an oath.

My commission expires:

Notary Public State of Florida
Felicia H Daniel
My Commission DD624188
Expires 01/03/2011

NOTARY PUBLIC:

_____
(Signature of Notary Public)

FELICIA H. DANIEL
(Printed Name of Notary Public)

STATE OF FLORIDA AT LARGE

(SEAL)

3

## Morgan Stanley Matters Worked On By Neil Solomon

(Last names only indicated. All were Arbitrations before the NASD or NYSE except where otherwise indicated)

1. Ansorge v. Morgan Stanley, et al.
2. Beaver v. Morgan Stanley
3. Blair v. Morgan Stanley
4. Cannon v. Morgan Stanley
5. **Carr v. Morgan Stanley***
6. Carter v. Morgan Stanley
7. Clark v. Morgan Stanley, et al.
8. Coniglione v. Merill Lynch & Morgan Stanley
9. Corrugated Supplies Corp. v. Morgan Stanley, et al.
10. Cuillo Morgan Stanley et al
11. Demico v. Morgan Stanley & Yarbrough
12. DiMartino v. Morgan Stanley, et al.
13. Eggers (other issues)
14. Farnsworth v. Morgan Stanley
15. **Feldman v. Morgan Stanley***
16. Friedman v. Morgan Stanley
17. Gelernter Irving v. Morgan Stanley & Spoto
18. Goldberg et al v. Morgan Stanley & Digiacomo
19. Goliash et al v. Morgan Stanley
20. Grondin v. Morgan Stanley
21. Lighthouse Point
22. Holmes v. Morgan Stanley
23. Integral Investment (litigation)
24. Kenith
25. Larkin v. Morgan Stanley & Witkowski
26. Lesk Family L.P. v. Morgan Stanley
27. Lipson
28. Loiacono (complaint)
29. Loud (Wilkinson matter) (subpoena/summons)
30. Maines (regulatory inquiry)
31. McVeigh
32. Michelin (garnishment/levy)
33. Mobley v. Morgan Stanley
34. Moore v. Morgan Stanley, et al.
35. Muto v. Marzella & Morgan Stanley
36. Papafloratos v. UBS/Painewebber Inc. & Morgan Stanley
37. Pitcher
38. Quintana v. Morgan Stanley
39. Reichle v. Morgan Stanley
40. Rose v. Morgan Stanley & Kirschbaum
41. Ross, S.
42. Ross, P.
43. Ryhiner v. Morgan StanleyDW
44. **Schreiber v. Morgan Stanley***
45. Shackleton v. Morgan Stanley
46. Silvester v. Morgan Stanley
47. Steeves v. Morgan Stanley
48. Swain v. Morgan Stanley
49. Ulmo (other issues)
50. Van Horne v. Morgan Stanley
51. Wesley v. Morgan Stanley

---

* Indicates the case involved claims at Morgan Stanley's Ft. Lauderdale, FL branch.

**Attachment to Declaration of Greenberg Traurig**