B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MORGAN STANLEY & CO., INC., a
Delaware corporation,

      Plaintiff,

v.

NEIL B. SOLOMON, an individual,
and NEIL B. SOLOMON, P.A.,
a Florida Professional Association,

      Defendants.

_____/

Case No. 08-CV-81330-KAM/Johnson

## DECLARATION OF ALLISON PATTON

1.    My name is Allison Patton. I am over the age of 18 and am competent to make this Declaration. I have personal knowledge of all facts attested to herein, and am duly authorized to make this Declaration.

2.    I began as counsel for Morgan Stanley & Co., Inc. and its predecessors ("Morgan Stanley") in 1996 as a Vice President Senior Attorney. I later became an Executive Director. In these roles, I supervised, and continue to supervise, many of the Florida cases against Morgan Stanley handled by outside counsel.

3.    During this time, I supervised and worked closely with counsel at Greenberg Traurig ("Greenberg"), one of the outside counsel law firms Morgan Stanley regularly retained in retail investor disputes. One of the Greenberg lawyers who represented Morgan Stanley was Neil Solomon.

4.    I have reviewed the declaration provided in this case by Greenberg, as well as the list of prior disputes Greenberg provided that Solomon worked on as counsel for Morgan Stanley. I worked directly with Greenberg on several of these matters.

5. In these, and many other, matters, Greenberg's lawyers became familiar with Morgan Stanley's litigation philosophy, its policies on discovery, its methods and procedures for selecting or striking arbitrators, in defending claims in litigation, its legal policies, its approaches to settlement, its settlement limits, mediation techniques, the decision-making processes of its personnel regarding legal claims, and the particular personalities, expectations, negotiation techniques, and management styles of its personnel, among other things.

6. Included in these issues was proprietary, confidential information relating to Morgan Stanley's compensation practices, supervisory system, broker training, and internal policies and procedures. Morgan Stanley does not make this information publicly known and puts a priority on ensuring the confidentiality of the information, for example, by requesting detailed Confidentiality Agreements in arbitrations or other disputes where limited discovery of these matters might be compelled.

7. I was personally involved in supervising outside counsel and making decisions in the prior matters such as the timing and amount of settlement offers, approaches to discovery, and responses to litigation tactics and arguments of claimants' counsel in a number of the cases Mr. Solomon worked on for Morgan Stanley.

8. I am currently the Florida Unit Head responsible for supervising the activities of the attorneys based in Florida.

9. An in-house attorney under my supervision is handling the three arbitrations Neil Solomon is bringing on behalf of retail investors against Morgan Stanley that are the subject of this case, *Darren Sadik v. Morgan Stanley, Inc.*, (FINRA Case No. 08-02395), *Hsiang Lin Wu v. Morgan Stanley, Inc.*, (FINRA Case No. 08-02497), and *Lelissa and Wayne Kresigberg v. Morgan Stanley, Inc.* (FINRA Case No. 08-03217).

10. As Florida Unit Head I am also involved in making the same types of decisions with respect to the current arbitrations Neil Solomon is bringing against Morgan Stanley.

**I DECLARE** under penalty of perjury that the foregoing is true and correct this 18th day of December, ~~November~~ 2008.

_____
Allison Patton

3