H

3000 Bayport Drive
Suite 500
Tampa, FL 33607

## Morgan Stanley

**Lisa B. Dodge**
Executive Director – Legal and Compliance Division
Lisa.Dodge@MorganStanley.com
Direct Dial: (813) 286-6906
Fax: (813) 286-6935

September 3, 2008

**VIA FACSIMILE AND REGULAR U.S. MAIL**

Neil B. Solomon, Esq.
Neil B. Solomon, P.A
4174 St. Lukes Lane
Jupiter, FL 33458

Re:    Matter Name:    Darren Sadik v. Morgan Stanley & Co., Incorporated
       FINRA Case No.:    08-02395

Dear Neil:

     As you know, Morgan Stanley on August 11, 2008 announced its intention to repurchase, at par value, auction rate securities (ARS) held by its retail clients that were purchased through the Firm prior to February 13, 2008. As you also know, the Firm has since agreed with various regulators to repurchase those securities as part of its regulatory settlements relating to ARS.

     The ARS at issue in this arbitration are eligible for repurchase at par. Subject to your client's authorization, Morgan Stanley will <u>immediately</u> repurchase the ARS held in Morgan Stanley account 509-045531, at par, and deposit the proceeds into the account.

     In addition, please be aware that Morgan Stanley believes that your prior representation of the Firm while you were employed by Greenberg Traurig gives rise to a conflict that precludes you from representing individual investors in cases against the Firm. As you know, you represented Morgan Stanley in customer arbitrations involving sales practice issues similar to those raise by you in the Statement of Claim, and represented branches and individuals in the same geographic region as your current claim.

     Given our offer to repurchase at par the securities at issue, we now view the allegations regarding auction rate securities alleged in the Statement of Claim as moot, and would like to resolve this matter fully consistent with our commitments to regulators. While we are prepared to discuss resolving these cases with you in order to expedite the resolution of this matter given the voluntary buy-back, please bee advised that Morgan Stanley is not waiving its right to object to your appearance as counsel against the Firm in the future. Please call me to authorize the immediate repurchase of your client's ARS positions.

                                                Sincerely,

                                                Lisa B. Dodge

LBD/jc

3000 Bayport Drive
Suite 500
Tampa, FL 33607

**Morgan Stanley**

**Lisa B. Dodge**
Executive Director – Legal and Compliance Division
Lisa.Dodge@MorganStanley.com
Direct Dial: (813) 286-6906
Fax: (813) 286-6935

September 5, 2008

**VIA FACSIMILE AND REGULAR U.S. MAIL**

Neil B. Solomon, Esq.
Neil B. Solomon, P.A.
4174 St. Lukes Lane
Jupiter, FL 33458

Matter Names:    Hsiang Lin Wu v. Morgan Stanley & Co., Incorporated
FINRA Case No.:  08-02497/MS Matter No.: 4604

Dear Neil:

As you know, Morgan Stanley on August 11, 2008 announced its intention to repurchase, at par value, auction rate securities (ARS) held by its retail clients that were purchased through the Firm prior to February 13, 2008. As you also know, the Firm has since agreed with various regulators to repurchase those securities as part of its regulatory settlements relating to ARS.

The ARS at issue in this arbitration are eligible for repurchase at par. Subject to your client's authorization, Morgan Stanley will repurchase the ARS purchased in Morgan Stanley account 509-048017. This will of course require Mr. Wu to transfer his ARS positions back to Morgan Stanley so that the repurchase can occur.

In addition, please be aware that Morgan Stanley believes that your prior representation of the Firm while you were employed by Greenberg Traurig gives rise to a conflict that precludes you from representing individual investors in cases against the Firm. As you know, you represented Morgan Stanley in customer arbitrations involving sales practice issues similar to those raise by you in the Statement of Claim, and represented branches and individuals in the same geographic region as your current claim.

Given our offer to repurchase at par the securities at issue, we now view the allegations regarding auction rate securities alleged in the Statement of Claim as moot, and would like to resolve this matter fully consistent with our commitments to regulators. While we are prepared to discuss resolving these cases with you in order to expedite the resolution of this matter given the voluntary buy-back, please bee advised that Morgan Stanley is not waiving its right to object to your appearance as counsel against the Firm in the future. Please call me to authorize the immediate repurchase of your client's ARS positions.

Sincerely,

*Lisa B. Dodge*
Lisa B. Dodge

LBD:ld

# HOMERBONNER

1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131

ELIZABETH LEE CRABTREE
GERALD M. DEL AMO
DOUGLAS F. EATON
HOWARD S. GOLDFARB
PETER W. HOMER *
CHRISTOPHER J. KING
RAYDA MASDEU
ADAM M. SHONSON
GREGORY J. TRASK **
WILLIAM G. WOLK

\* Also licensed in Maryland
\*\* Also licensed in District of Columbia

November 3, 2008

R. LAWRENCE BONNER
(1956 – 2007)

OF COUNSEL:
LUIS E. DELGADO
RICHARD B. SALZMAN

TELEPHONE (305) 350-5100
TELECOPIER (305) 372-2738
E-MAIL: info@homerbonner.com
WEBSITE: www.homerbonnerlaw.com

SENDER'S DIRECT TELEPHONE NUMBER: (305) 350-5139
SENDER'S DIRECT FAX NUMBER: (305) 372-1443
SENDER'S DIRECT E-MAIL: phomer@homerbonnerlaw.com

**VIA FACSIMILE AND U.S. MAIL**

Neil B. Solomon
Neil B. Solomon, P.A.
4174 St. Lukes Lane
Jupiter, FL 33458
Fax: 561-626-6721
neilsolomonesq@gmail.com

    Re:   *Darren Sadik v. Morgan Stanley, Inc.*, FINRA Case No. 08-02395
            *Hsiang Lin Wu v. Morgan Stanley, Inc.*, FINRA Case No. 08-02497
            *Lelissa and Wayne Kresigberg v. Morgan Stanley, Inc.* FINRA Case No. 08-03217

Dear Mr. Solomon:

    The undersigned represents Morgan Stanley. This is to inform you that Morgan Stanley does not consent to your representation of the claimants in the above-styled arbitrations. Please consider this Morgan Stanley's demand that you withdraw immediately from these arbitrations

    As you are well aware, you formerly represented Morgan Stanley in numerous arbitrations during your tenure at Greenberg Traurig. Under Florida law an attorney cannot represent a new client adversely to a former client without his former client's consent. Specifically, Rule 4-1.9 of the Florida Rules of Professional Conduct states:

A lawyer who has formerly represented a client in a matter shall not thereafter:

(a)    represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or

(b)    use information relating to the representation to the disadvantage of the former client except as rule 4-1.6 would permit with respect to a client or when the information has become generally known.

Rule 4-1.7 forbids an attorney from representing a client when that representation would be directly adverse to the interests of another client. And, Rule 4-1.6 forbids an attorney from revealing information relating to a client, including former clients.

As Morgan Stanley's former counsel, you have intimate knowledge of proprietary, privileged, and confidential information concerning Morgan Stanley, including its claims and litigation philosophy, its methods and procedures for defending claims and litigation, its legal policies, its approaches to settlements, its settlement limits, the decision-making processes of its personnel regarding legal claims, and the particular personalities, expectations, negotiation techniques, and management styles of its personnel, as well as information regarding the administration of Morgan Stanley's various business operations and the internal workings of its organization. It is apparent from the Statements of Claims you have filed that you are using such confidential information to Morgan Stanley's disadvantage. Indeed, it appears you have built your case around Morgan Stanley's training, supervisory, and compensation policies – all areas in which you have represented Morgan Stanley, and all areas in which confidences were entrusted to you. You are also employing specific theories of relief against Morgan Stanley that you, in your prior representation, argued against as counsel for Morgan Stanley. These actions violate the controlling Rules of Professional Conduct.

Whether you are using these confidences intentionally or otherwise, Morgan Stanley does not consent to it. Morgan Stanley thus demands that you immediately discontinue your representation of the three retail customers in the arbitrations. *See The Florida Bar v. Della-Donna*, 583 So. 2d 307, 310 (Fla. 1989) (explaining that "[a]n attorney's working under a conflict of interest is not proper and will not be tolerated."). Morgan Stanley further requests that you advise your clients to seek new counsel as soon as possible.

Very truly yours,

Peter W. Homer
**HOMERBONNER**